UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                        )
MICHAEL C. BIANCO,                      )
                                        )
                    Plainitff,          )
                                        )
        vs.                             )    C.A. No. 09-21 S
                                        )
MICHAEL J. ASTRUE,  Commissioner of the )
Social Security Administration,         )
                                        )
                    Defendant.          )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff brought this action to reverse a decision by the Commissioner of Social Security (the "Commissioner") denying his request for disability benefits. The Commissioner opposes Plaintiff's request, and has moved for an order affirming the Commissioner's decision. Magistrate Judge Almond issued a Report and Recommendation ("R&R") recommending that the Commissioner's motion be granted. (See Report and Recommendation, C.A. No. 09-21 S, Doc. No. 11, Apr. 20, 2010 (hereinafter "R&R").) Plaintiff objects to the R&R, but the Court overrules the objection. For the reasons set forth below, and those stated in the R&R, the Court accepts the R&R in full and affirms the Commissioner's decision.

In considering an objection to an R&R, the Court conducts

"a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2009); see Fed. R. Civ. P. 72(b)(3); Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 33 (1st Cir. 2008).

In this case, Plaintiff faults the Administrative Law Judge ("ALJ") who denied his request on behalf of the Commissioner for placing too much weight on the opinion of a consulting psychologist, Dr. J. Stephen Clifford. Based on a review of Plaintiff's medical files as of June 2007, Dr. Clifford found that Plaintiff was not completely disabled, but Plaintiff claims his judgment was based on an incomplete record. (See Tr. 186-203.) Dr. Clifford did not consider Plaintiff's treatment history between June 2007 and the fall of 2008, when the ALJ held a hearing on Plaintiff's claims. Material developments in Plaintiff's condition during that time, he claims, required the ALJ to obtain an additional medical opinion about his capabilities.

Plaintiff's claim is very similar to that of the plaintiff in a case the Court has recently addressed, Jones v. Astrue, C.A. No. 09-206 S, slip op., Doc. No. 13 (D.R.I. June 2, 2010), and, like the claim in that case, without merit. The major reason is that, as the plaintiff in Jones did, Plaintiff here

exaggerates the ALJ's duty to develop the record.  As more fully explained in Jones, and in the R&R, an ALJ does not have to retain an expert to scrutinize every piece of evidence that does not happen to have been considered by a physician.  Instead, the ALJ bears the duty to weigh all the evidence and "piece together the relevant medical facts" herself.  Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987).

In this case, as the R&R observes, medical records dating both from before Dr. Clifford's assessment and after it display a consistent pattern.  When Plaintiff takes the medication prescribed for his psychiatric conditions, he is stable and suffers from only moderate functional impairments.  When he neglects his medication, he becomes severely impaired. (See Tr. at 271-73, 283-84, 299.)  This picture of Plaintiff's mental health was clear at the time Dr. Clifford gave his opinion. Thus, Plaintiff cannot demonstrate that there was any "material change" in his abilities after that time, as he must to demonstrate that the ALJ should have asked another doctor whether Plaintiff was well enough to work.  See Alcantara v. Astrue, 257 Fed. Appx. 333, 334, 2007 WL 4328148, at *1 (1st Cir. 2007) (per curiam) (unpublished decision).[1]

---

[1] As a matter of common sense, one might question whether the general rule that noncompliance with prescribed medication weighs against a disability claim should carry the same force in the context of mental illness.  See, e.g., Wildman v. Astrue,

For these reasons, the Court DENIES Plaintiff's motion and GRANTS the Commissioner's motion.   The Commissioner's judgment is therefore affirmed.

IT IS SO ORDERED.


*/s/ William E. Smith*

William E. Smith
United States District Judge
Date:  June 14, 2010

---

596 F.3d 959, 969 (8th Cir. 2010) ("Wildman was noncompliant with her doctor's instructions to take her medications . . . . These are valid reasons for discrediting Wildman's subjective complaints.").  It requires no medical expertise to recognize that mental illness can impair judgment.  Might not a failure to exercise sound judgment in following a treatment regimen be a symptom of the very condition the medication is designed to treat?  In other words, should courts hold disability claimants with psychiatric illnesses to the same standards as those with physical impairments in terms of obeying doctors' instructions?  While the Court might consider this to be a close question, ultimately it does not furnish a basis to vacate the ALJ's decision.  Plaintiff points to no cases that deviate from the rationale stated in Wildman.  Absent any authority to reject the practice of holding delinquency with medication against a claimant, there is no escaping the fact that substantial evidence supports the ALJ's conclusion: Plaintiff does poorly without his medication, but functions well with it, and so cannot be considered disabled.

4